{¶ 8} I am unable to conclude that the Juvenile Court is without authority to award retroactive child support to an adult child who files a pater nity and support action under R.C. Chapter 3111 prior to the child's 23rd birthday. Thus, I would affirm the decision of the trial court for the reasons so well articulated in the opinion of Judge Harsha of the Fourth Appellate District in the case of Sexton v. Conley, 4th Dist. No. 01CA2823, 2002-Ohio-6346 at ¶ 9-13.
 {¶ 9} A determination that the Juvenile Court has jurisdiction to make a support award in these circumstances does not automatically mean th at an award is appropriate. However, in the matter before this court, the appellant did not appeal the judge's determination that latches and estoppel do not apply under the facts and circumstances of the present case. Consequently, this court does not have before it the question of whether appellee's inaction should reasonably have foreclosed all or part of the back support awarded by the trial court by the application of latches or estoppel.
 {¶ 10} Considering the confusing condition of the statute on the issue of awarding retroactive child support to a child who is over the ag e of eighteen years but under the age of twenty-three years in a paternity and support action under R.C. Chapter 3111, it would seem appropriate for the state legislature to undertake to clarify the statute since this will be a recurring question which is certain to arise in numerous similar situations over time.